**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 14, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT EARL TURNER, JR., | § | CASE NO. 22-60410-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

OPINION

I. INTRODUCTION

In May 2022, Debtor Robert Earl Turner, Jr. ("**Debtor**") filed case no. 22-60200 ("**Chapter 13 case**"). Two hearings and three months later, this Court dismissed the Chapter 13 case as a bad-faith two-party dispute lacking a legitimate reorganizational purpose.[1] Two weeks after the Court denied the Debtor's motion to reconsider that dismissal, the Debtor filed the current case

---

[1] *In re Turner*, Case No. 22-60200, 2022 WL 3363687 (Bankr. W.D. Tex. Aug. 12, 2022). Because the facts have not substantially changed since the Chapter 13 case was dismissed, the Court incorporates into this opinion its opinion in the Chapter 13 case.

1

("**Chapter 7 case**"). The Court then issued an *Order to Appear and Show Cause* (ECF No. 7) why the Chapter 7 case should not be dismissed. After hearing evidence and argument from the Debtor and UBS Financial Services Inc., ("**UBS**") the Court has determined that this case should be dismissed with prejudice, with a one-year bar to refiling.

## II.  JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b)(2). This opinion serves as this Court's findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 7052 and 9014.

## III.  DISCUSSION

Section 707(a) of title 11 of the United States Code[2] provides that the Court "may dismiss a case under [chapter 7] . . . for cause, including" three enumerated conditions. § 707(a). The Bankruptcy Code specifies that the word "including" is not limiting, meaning that the Court may dismiss a chapter 7 case for causes not listed in § 707(a). *See* § 102(3) (clarifying that the terms "includes" and "including" are not limiting).

In the Fifth Circuit, a debtor's bad-faith conduct provides cause to dismiss a chapter 7 case under § 707(a). **In re Krueger**, 812 F.3d *365, *370 (5th Cir. 2016) ("This circuit joins those courts that have held a debtor's bad faith in the bankruptcy process can serve as the basis of a dismissal for cause"). Courts routinely dismiss two-party disputes in chapter 7, characterizing such cases as filed in bad faith. **In re Barbaria**, 229 B.R. 124, 126 (Bankr. E.D. Tex. 1998) (dismissing

---

[2] All statutory citations and references are to title 11 of the United States Code, unless otherwise noted.

2

a chapter 7 case for being a two-party dispute between debtor and the IRS); *see also* **In re Zick**, 931 F.2d 1126, 1129 (6th Cir. 1991) (dismissing a chapter 7 case for debtor's bad faith where he filed bankruptcy solely to avoid a "large single debt based on conduct akin to fraud, misconduct, or gross negligence.").

The Fifth Circuit also recognizes that dismissal is appropriate for "petitions that simply serve no legitimate bankruptcy purpose." **In re Krueger**, 812 F.3d at *371; *see also* **Kelley ex rel. Petters Co., Inc. v. Cypress Fin. Trading Co., L.P. (In re Cypress Fin. Trading Co., L.P.)**, 620 Fed.Appx. 287, 289 (5th Cir. 2015) (per curiam) ("Without any conceivable benefit to the debtor or creditors, a bankruptcy loses its *raison d'etre*. Dismissal was compelled here because . . . this case served unreasonably and unjustifiably to delay the PCI Trustee's suit."); *see also* **Daniels v. Barron (In re Barron)**, 325 F.3d 690, 694–95 (5th Cir. 2003) (Jones, J., concurring). (Remarried husband and wife had substantial assets but filed bankruptcy to avoid paying only six creditors (attorneys and other professionals) from their initial divorce proceeding).

In dismissing the Chapter 13 case, the Court determined that it was a two-party dispute between the Debtor and UBS. It also noted that conversion to chapter 7 would not save the case because the "chapter 7 trustee would essentially serve only one creditor." The Court acknowledges that the Chapter 7 case is a new case and has independently considered its merits. However, the Court finds no dramatic change in the Debtor's circumstances in the two weeks between the denial of reconsideration of the dismissal of his Chapter 13 case (under § 1307(c)) and the filing of this Chapter 7 case. The Court, therefore, finds it has similar factual justifications creating cause to dismiss this case under § 707(a).

3

No new factual developments (or possible manipulations) since the end of the Chapter 13 case alter this Court's assessment. First, in his schedules, the Debtor listed five other nonpriority unsecured creditors who originally had claims arising from his allegedly fraudulent conduct. These creditors were absent from his schedules in the Chapter 13 case. None of these "new" creditors, however, have claims against the Debtor. In fact, evidence established that all twenty-eight of the parties who were allegedly defrauded by the Debtor have assigned their claims to UBS since the filing of the Chapter 13 case. The claims of these "phantom creditors" do not change the character of the dispute between the Debtor and UBS.

Second, in the Chapter 7 case, the Debtor has added a claim of $10,000.00 owed to the IRS as his "2022 tax liability." Like the *de minimis*, previously scheduled property taxes owed to the county tax authorities in the Chapter 13 case, however, the IRS's scheduled, but unfiled claim is insignificant compared to that owed to UBS and will not come due until April 2023. In any event, the Debtor and his wife have the means to cover this expense in the ordinary course—when it comes due.

Third, the Court is not convinced that the Debtor incurred new, unmanageable debt after the dismissal of the Chapter 13 that would require the filing of this case. At the hearing, Stephanie Turner, the Debtor's wife, testified[3] that her husband underwent several costly medical procedures since the dismissal of the Chapter 13 case. On cross-examination, Mrs. Turner testified that those medical costs were timely paid out of the money from a health savings account. She also testified about certain deposit accounts, which, according to her testimony and the Debtor's Schedules A/B, contain several hundred thousand dollars. The Debtor appears able to pay debts as they come due.

---

[3] The Court notes that while the Debtor appeared at the hearing, he did not testify on his own behalf, leaving the Court to rely on his wife's sometimes hearsay testimony elicited from unobjected-to leading questions.

Fourth, no evidence establishes that the Debtor or his wife cannot work. The Debtor's schedules allege he is retired, and the Debtor's wife testified she was suspended by the brokerage firm she moved to after voluntarily departing from employment with UBS. While the Court recognizes that both the Debtor and his wife are currently unemployed, the evidence established that this was by choice or circumstance, not by necessity.

Finally, the Debtor appears to have engaged in bad-faith manipulation of his schedules. In Schedule I of the Chapter 13 case, the Debtor listed monthly "rental income" of $800 and "mortgage payment AR prop" income of $3,500, ostensibly to support the "regular income" requirement of § 109(e). This income is conspicuously absent from Schedule I in this case. The Debtor's wife did not explain this omission in her testimony, suggesting manipulation of the Debtor's income in the two weeks between the Chapter 13 case and the Chapter 7 case.

None of these new facts move the needle in favor of the Debtor. In fact, some move the needle in the opposite direction: the investors the Debtor is alleged to have defrauded, for instance, have now all settled with, and assigned their claims to, UBS. Bankruptcy court is not the appropriate forum for resolution of two-party disputes, whether in chapter 13 or chapter 7. Dismissal is thus warranted.

The Debtor filed this Chapter 7 case on the eve of the hearing scheduled on UBS's amended attachment petition—just as the Debtor did when he filed the Chapter 13 case on the eve of UBS' original attachment petition. This pattern suggests that the Debtor would file another petition to avoid litigation with UBS if given the opportunity. Section 349(a) gives the Court authority to dismiss cases with prejudice "for cause." § 349(a). When there is cause to dismiss a case, the Court may "further sanction the debtor by dismissing the debtor from refiling for a longer period of

5

time." *In re Parson*, 632 B.R. 613, 627 (Bankr. N.D. Tex. 2021). When the cause for dismissal is the debtor's bad faith, courts have applied one-year bars to refiling. *See, e.g.,* ***In re Stockwell***, 579 B.R. 367 (Bankr. E.D. N.C. 2017) (dismissing debtor's case with prejudice for one year following a finding of bad faith); *see also* ***In re Hieter***, 414 B.R. 665 (Bankr. D. Idaho 2009) (dismissing debtor's case with prejudice for thirteen months for a bad-faith voluntary dismissal of own chapter 13 case). The Debtor's pattern of bad-faith conduct establishes cause to dismiss this case with prejudice with a one-year bar to refiling.

UBS has also requested that the Court sanction the Debtor further by awarding UBS attorney's fees. At this stage, the Court does not believe the Debtor's conduct warrants any sanction beyond the one-year bar.

## IV. CONCLUSION

The Court has independently evaluated this case, taking into account the facts and circumstances revealed by the Debtor's immediately prior Chapter 13 case, and determined that it should be dismissed. The Court finds that the Chapter 7 case was filed in bad faith and serves no legitimate bankruptcy purpose because, like the Chapter 13 case before it, this case is a two-party dispute. A bankruptcy case is not the proper vehicle to resolve a two-party dispute. Thus, the Court will dismiss this case under § 707(a) with prejudice to prevent the Debtor from refiling bankruptcy for one year from the date of the dismissal. The Court will enter a separate order consistent with this opinion.

# # #